UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SUBI GANDHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO: 6:26-CV-00092-JCB |
| v. | § | |
| | § | |
| COVINGTON SPECIALTY INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, Subi Gandhi (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's First Amended Complaint*, complaining of Covington Specialty Insurance Company ("Defendant"), and for cause of action would respectfully show this honorable Court the following:

**PARTIES**

1. Plaintiff Subi Gandhi is an individual domiciled in Anderson County, Texas.

2. Defendant Covington Specialty Insurance Company is a foreign insurance company registered with the Texas Department of Insurance and engages in the business of insurance in Texas. Defendant may be served with process by serving its counsel of record.

**JURISDICTION AND VENUE**

3. This case was removed by the Defendant from the Cause No. DCCV25-5982-349; *Subi Gandhi v. Covington Specialty Insurance Company*; in the 349th District Court of Anderson County, Texas. Removing Defendant filed its Notice of Removal herein on February 12, 2026 (Doc. 1), alleging this Court's jurisdiction over it and Plaintiffs.

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff, a citizen of Texas, and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Therefore, this Court has diversity jurisdiction and specific personal jurisdiction over all the Parties pursuant to 28 U.S.C. §1332(a)(1).

5. The Court has jurisdiction over Defendant because the Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

6. Venue is proper in the Eastern District of Texas, because the insured property that is the subject of this dispute is located in Anderson County, Texas, the events giving rise to this lawsuit occurred therein, and the state court where the lawsuit was originally filed was located within the district.

## CONDITIONS PRECEDENT

7. Plaintiffs allege generally that all conditions precedent have occurred or have been performed.

## FACTS

8. Plaintiff is the named insured under Texas insurance policy VBB101855 00 (the "Policy") issued by Defendant.

9. The insured property is located at 310 East Crawford Street, Palestine, TX 75801 (hereinafter the "Property").

10. Defendant sold the Policy insuring the Property to Plaintiff.

11. On or about May 28, 2024, a wind and/or hailstorm struck the Property causing physical damage.

12. The storm caused multiple roof leaks on both buildings, downed a wood-framed oil

derrick model and trees, deflected the barn roof, and caused the barn door to fall.

13. The storm with high winds severely damaged the property. Multiple leaks were discovered following the storm coming from the roofs of both buildings on the property. The wood-framed oil derrick model and trees on the property fell during the storm. The roof of the barn started to deflect downwards, and the barn door fell from the storm on the rear.

14. On or about May 29, 2024, Plaintiff made a claim for covered repairs under the Policy.

15. Plaintiff notified Defendant of wind and/or hail damage, including damage to roofs, downed tree limbs, resulting interior water damage, and other resulting damage.

16. Defendant assigned number 7030196318 to the claim.

17. On or about May 28, 2024, Defendant assigned Adjuster Aaron S. Martin of JT Parker Claims to inspect the property.

18. On or about May 30, 2024, Plaintiff mitigated damages after the storm by having a roofer install sealant and tarps and performing other temporary repairs.

19. On or about June 7, 2024, Mr. Martin inspected the property on behalf of the Defendant, identified storm-consistent damage and leaks, but failed to conduct a thorough inspection and did not identify leak sources.

20. Mr. Martin failed to inspect multiple areas that he would have inspected had he conducted a thorough inspection.

21. By letter to Plaintiff dated July 19, 2024, Ms. Glenna Hicks, the account manager for Defendant's Third-Party Administrator for the subject claim, on behalf of Defendant, summarized Mr. Martin's inspection results and reported that Defendant was continuing its investigation.

22. Because of Defendant's unreasonable investigation, delayed payment, and failure to indemnify, Plaintiff retained Public Adjuster Britt Elliott of Elliott Claim Services, LLC at additional out-of-pocket cost.

23. On or about August 9, 2024, Plaintiff's public adjuster inspected the property and found covered damage of $308,696.02.

24. On September 4, 2024, Defendant's engineer, Christian Rodriguez of Donan Engineering Services, conducted a site inspection.

25. On September 18, 2024, Defendant's engineer issued a report.

26. The engineer concluded: (a) roof coverings on both buildings are not wind-damaged; (b) water intrusion was caused by insufficient waterproofing and age-related deterioration; (c) the barn roof structure was not damaged by the May 2024 event; (d) deflection was caused by long-term deterioration; and (e) safety concerns existed.

27. Plaintiff alleges the engineer's investigation aimed to rule out covered causes despite obvious storm-consistent damage.

28. On or about October 8, 2024, Plaintiff's Plaintiff submitted a proof-of-loss package, including a $308,696.02 estimate and photographs. *See* Exhibit 1, Public Adjuster Estimate of Plaintiff's Covered Damages, attached hereto and incorporated herein.

29. By letter dated November 29, 2024, to Plaintiff's public adjuster, Ms. Hicks on behalf of Defendant responded to the proof of loss received on October 14, 2024, but approximately six months after the loss and notice to Defendant of the loss, still did not accept or reject the proof or issue a coverage decision.

30. Defendant's letter evidences breach of policy obligations and Texas law. *See* Exhibit 2, the applicable insurance policy, attached hereto and incorporated herein, including

provisions breached by Defendant.

31. By letter dated November 29, 2024, to Plaintiff's public adjuster, Ms. Hicks on behalf of Defendant adopted the conclusions of the engineer and denied the claim, asserting wind was not strong enough to damage the roof or structure, prior/leak history, gaps allowing entry, deterioration, and pre-existing barn deflection.

32. Defendant's statement in the letter that the Policy covers direct physical loss unless excluded, interior rain damage is excluded absent prior covered roof/wall damage, and observed damage is wear/tear and deterioration knowingly misrepresents cause, scope, and Policy coverage for the direct physical loss.

33. Defendant's statement in the letter that wind was not strong enough to damage the roof or structure is a knowing misrepresentation of cause and scope given evidence of wind damage.

34. Defendant's statement in the letter that damage was solely wear and tear/deterioration knowingly misrepresents cause, scope, and Policy coverage for direct physical wind damage.

35. Defendant further represented the roof was not damaged by a covered cause and therefore interior water damage was excluded, and denied coverage.

36. Plaintiff alleges such statements knowingly misrepresented facts and Policy terms where evidence shows wind caused direct physical roof damage.

37. Defendant adopted a predetermined, outcome-oriented engineering conclusion to deny covered damage previously identified by Plaintiff's public adjuster.

38. Defendant's letter evidences failure to acknowledge the actual storm-consistent cause, full scope, cost to repair, coverage under the Policy, and available indemnity, despite

sufficient proof of loss.

39. Defendant and Ms. Hicks knowingly and intentionally misrepresented the cause, scope, costs, Policy terms, and coverage applicable to indemnify Plaintiff, denying coverage despite substantial evidence of storm-consistent covered damage.

40. Defendant's letter is evidence that Defendant conducted an unreasonable investigation predetermined to deny the claim.

41. On December 6, 2024, Plaintiff issued a final demand seeking payment per the proof-of-loss package and outlining breaches and statutory violations. *See* Exhibit 3, Final Demand Letter, attached hereto and incorporated herein.

42. By letter dated December 10, 2024, to Plaintiff's public adjuster, Ms. Hicks on behalf of Defendant, reiterated its denial adopting the engineer's conclusions.

43. Defendant's denial despite storm-consistent evidence reflects failure to reasonably investigate, bad faith, material misrepresentations of cause, covered damage, value, Policy coverage, and failure to attempt prompt, fair, and equitable settlement, causing additional injury through delay.

44. Defendant failed to correct its unreasonable investigation and denial after being placed on notice of the cause of loss and damage.

45. Defendant continues to deny the claim contrary to the Policy and Texas law.

46. Defendant intentionally failed to find covered damage, mischaracterized covered damage as not covered, and misinterpreted the policy to avoid coverage and payment.

47. Defendant and its adjusters failed to properly investigate and assess Plaintiff's damage, thereby resulting in unfair delays.

48. Defendant's acts and omissions breach the Policy and have injured Plaintiff.

49. Plaintiff's business has suffered as a result of Defendant's unfair claim handling and breach.

50. Plaintiff was compelled to hire the Hodge Law Firm to assist with the claim, at additional out of pocket costs, due to Defendant's mishandling Plaintiff's claim.

51. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

52. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

53. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

54. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

55. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

56. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

57. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

58. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

59. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's

conduct constitutes a breach of the common law duty of good faith and fair dealing.

60. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

61. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

62. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

63. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

64. Defendant breached the Policy by failing to pay covered benefits for the loss and by unreasonably denying and delaying payment.

65. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

66. Defendant's breach caused Plaintiff damages, including unpaid benefits, consequential losses, and interest.

67. The Defendant's breach proximately caused Plaintiff's injuries and damages.

68. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

69. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

70. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

71. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

72. Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

73. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

74. Defendant's unfair settlement practices, as described above, of refusing to pay

Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

75. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damage.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR CLAIM SETTLEMENT PRACTICES**

76. Defendant's knowingly misrepresenting to its claimant pertinent facts or policy provisions relating to coverage at issue as Defendant has done herein and as described above constitutes unfair claim settlement practices. TEX. INS. CODE § 542.003(b)(1).

77. Defendant's failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy as Defendant has done herein and as described above constitutes unfair claim settlement practices. TEX. INS. CODE § 542.003(b)(2).

78. Defendant's failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies as Defendant has done herein and as described above constitutes unfair claim settlement practices. TEX. INS. CODE § 542.003(b)(3).

79. Defendant's not attempting in good faith to affect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear as Defendant has done herein and as described above constitutes unfair claim settlement practices. TEX. INS. CODE § 542.003(b)(4).

80. Defendant's compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder as Defendant has done herein and as described above constitutes unfair claim

settlement practices. TEX. INS. CODE § 542.003(b)(5).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

81. The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

82. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.055.

83. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

84. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

85. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

86. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying and/or delaying payment on the Claim when Defendant knew and/or should have known that liability was reasonably clear.

87. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

88. Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

89. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

90. Plaintiff is a "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

91. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

(a) represented that goods and/or services have sponsorship, approval, characteristics, ingredients, uses, benefits, and/or quantities that they do not have;

(b) represented that an agreement confers and/or involves rights, remedies, and/or obligations that it does not have and/or involve, and/or that are prohibited by law;

(c) failed to disclose information concerning goods and/or services that were known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered had the information been disclosed;

(d) generally engaged in unconscionable courses of action while handling the Claim;
and,

(e) violated the provisions of the Texas Insurance Code described herein.

92. The Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts

also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.

93. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

**COMMON LAW FRAUD**

94. Defendant is liable to Plaintiff for common law fraud.

95. Defendant made material misrepresentations as described, knowing they were false or recklessly without knowledge of their truth, intending Plaintiff to rely, and Plaintiff did rely to Plaintiff's detriment.

96. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and that Defendant knew such representations were false or made recklessly without any knowledge of their truth as a positive assertion.

97. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

98. The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

99. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damage, and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

100. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

101. The damages caused by hail and/or wind have not been properly addressed and/or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

102. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, that is, the amount of the claim, together with the attorney's fees and pre-judgment interest.

103. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, that includes the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times actual damages. TEX. INS. CODE §

541.152.

104. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

105. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

106. For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest, and court costs.

107. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

108. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name subscribes to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

109. Plaintiff claims past and future Additional Living Expenses, Loss of Use, and Business Losses as incurred.

110. Plaintiff claims damage to personal property and contents as may be identified in this proceeding.

111. Plaintiff's acts and omissions described herein are continuing.

112. Plaintiff's damages continue due to unrepaired wind and/or hail damage and Defendant's claim mishandling.

## **JURY DEMAND**

113. Plaintiff requests a jury trial and has tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## **PRAYER**

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages including unpaid policy benefits and consequential damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;
5) Pre-judgment interest as provided by law;
6) Post-judgment interest as provided by law;
7) Attorneys' fees;
8) Costs of suit; and
9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: ____________________________

J. Rohlf Jewell
Texas Bar No. 24046157
rjewell@hodgefirm.com
Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
The Hodge Law Firm, PLLC
The Historic 1861 United States Courthouse
1917 Postoffice Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on May 27, 2026, to:

John Michael Raborn
State Bar No. 24057364
jraborn@sbsb-eastham.com
Enrique A. Contreras
State Bar No. 24140159
econtreras@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
& Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Tel: 713-588-0446
Fax: 713-574-2942
ATTORNEYS FOR DEFENDANT

By: ______________________________
Rohlf Jewell